IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| JAMES EDWARD PANGARO | : | BANKRUPTCY NO.: 5-15-bk-03934-JJT |
| aka James E. Pangaro aka James Pangaro | : | |
| BRENDA RIVERA | : | |
| aka Brenda Lee Rivera aka Brenda Rivera | : | |
| aka Brenda Pangaro aka Brenda Rivera Pangaro | : | |
| DEBTORS | : | |
| | : | |
| CHARLES J. DeHART, III, TRUSTEE | : | {**Nature of Proceeding**: Objection to |
| OBJECTANT | : | Proof of Claim No. 14 (Doc. #37)} |
| | : | |
| vs. | : | |
| | : | |
| VITO'S TOWING, INC., | : | |
| CLAIMANT | : | |

*******************************************************************

| | | |
|---|---|---|
| IN RE: | : | CHAPTER THIRTEEN |
| | : | |
| PETER M. LUZZO | : | BANKRUPTCY NO.: 5-16-bk-01335-JJT |
| aka Peter Michael Luzzo aka Peter Luzzo | : | |
| dba Roaming Pirate | : | |
| LUCY ANN LUZZO | : | |
| aka Lucy A. Luzzo aka Lucy Luzzo | : | |
| DEBTORS | : | |
| | : | |
| CHARLES J. DeHART, III, TRUSTEE | : | {**Nature of Proceeding**: Objection to |
| OBJECTANT | : | Proof of Claim No. 15 (Doc. #45)} |
| | : | |
| vs. | : | |
| | : | |
| THOMAS A. POTTS, ESQUIRE | : | |
| CLAIMANT | : | |

# **OPINION**

The above captioned matters set forth two separate cases raising similar issues of law that will be disposed of in this one Opinion.

The Debtors, James Pangaro and Brenda Rivera, filed a Chapter 13 bankruptcy in this district on September 15, 2015. The proof of claim deadline was set for January 17, 2016.

[K:\Cathy\Opinions-Orders filed 2017\5-15-bk-03934-JJT_Pangaro_5-16-bk-01335_Luzzo.pdf]

Unlisted as a creditor was Vito's Towing, Inc. Subsequently, on January 16, 2017, Vito's filed a proof of claim as an unsecured creditor for $7,477.88. Thereafter, the Chapter 13 Trustee, Charles J. DeHart, III, filed an objection to the claim alleging its untimely filing. While a response was filed, the Claimant indicated that it would not be attending the hearing on the objection but would submit "the matter on the papers." Docs. ##38 and 39.

The Debtors, Peter M. Luzzo and Lucy Ann Luzzo, filed a Chapter 13 bankruptcy in this district on March 31, 2016. The proof of claim deadline was set for July 31, 2016. Unlisted as a creditor was Thomas A. Potts, Esq. Subsequently, on February 15, 2017, Attorney Potts filed a proof of claim as an unsecured creditor for $800.00. Thereafter, the Chapter 13 Trustee, Charles J. DeHart, III, filed an objection to the claim alleging its untimely filing. No response was filed by the Claimant although the Claimant attended the hearing.

The issue in both cases is whether the lack of scheduling in the bankruptcy and the subsequent notice of proof of claims deadlines excuses the Claimants from abiding by the claims deadline. At the time of the hearing, Claimants' allegations that they were not aware of Debtors' bankruptcy in time to file a timely claim were not challenged by the Objector.

The majority of appellate cases to consider this issue have held that the deadline applies to those creditors scheduled and unscheduled. *In re Gardenhire*, 209 F.3d 1145 (9th Cir. 2000); *Matter of Greenig,* 152 F.3d 631, 634–35 (7th Cir. 1998); *Jones v. Arross*, 9 F.3d 79 (10th Cir. 1993). The reasoning of these cases begins with the text of Federal Rule of Bankruptcy Procedure 3002(c), which reads as follows:

> **(c) Time for filing**
> In a chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code, except as follows:
> **(1)** A proof of claim filed by a governmental unit, other than for a claim

resulting from a tax return filed under § 1308, is timely filed if it is filed not later than 180 days after the date of the order for relief. A proof of claim filed by a governmental unit for a claim resulting from a tax return filed under § 1308 is timely filed if it is filed no later than 180 days after the date of the order for relief or 60 days after the date of the filing of the tax return. The court may, for cause, enlarge the time for a governmental unit to file a proof of claim only upon motion of the governmental unit made before expiration of the period for filing a timely proof of claim.

**(2)** In the interest of justice and if it will not unduly delay the administration of the case, the court may extend the time for filing a proof of claim by an infant or incompetent person or the representative of either.

**(3)** An unsecured claim which arises in favor of an entity or becomes allowable as a result of a judgment may be filed within 30 days after the judgment becomes final if the judgment is for the recovery of money or property from that entity or denies or avoids the entity's interest in property. If the judgment imposes a liability which is not satisfied, or a duty which is not performed within such period or such further time as the court may permit, the claim shall not be allowed.

**(4)** A claim arising from the rejection of an executory contract or unexpired lease of the debtor may be filed within such time as the court may direct.

**(5)** If notice of insufficient assets to pay a dividend was given to creditors under Rule 2002(e), and subsequently the trustee notifies the court that payment of a dividend appears possible, the clerk shall give at least 90 days' notice by mail to creditors of that fact and of the date by which proofs of claim must be filed.

**(6)** If notice of the time to file a proof of claim has been mailed to a creditor at a foreign address, on motion filed by the creditor before or after the expiration of the time, the court may extend the time by not more than 60 days if the court finds that the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim.

As can be seen, there is indicated a 90 day deadline applicable to Chapter 13 cases that allows for no exception where a creditor is not scheduled.

Federal Rule of Bankruptcy Procedure 9006 allows for extensions in certain circumstances. My review of that Rule finds an explicit limitation of extensions under Rule 3002(c) to those articulated in the referenced Rule. Rule 9006(b)(3).

My conclusion is that neither Rules 3002 nor 9006 allow for late claims to be deemed

timely by reason of not being scheduled in a Chapter 13 filing. "The Rules are binding and courts must abide by them unless there is an irreconcilable conflict with the Bankruptcy Code." *In re Mansaray-Ruffin*, 530 F.3d 230, 235 (3rd Cir. 2008).

Having said that, I do have concerns whether disallowance of these claims works a deprivation of property without due process of law in violation of our constitution.

Certainly, if the Chapter 13 discharge was applicable to an unscheduled creditor, the creditor's property rights would be lost without the opportunity to participate in a plan. It is fairly clear, however, that a 13 discharge only applies to scheduled creditors inasmuch as § 1328(a) extends the discharge only to creditors " provided for by the plan" and an unscheduled debt and creditor can not be provided for. *In re Henneghan,* 2009 WL 2855835 at *4 (Bankr. D.C., June 15, 2009)*; In re Plummer*, 378 B.R. 569, 572 (Bankr. C.D.Ill. 2007).[1] Accordingly, in the absence of a discharge, the due process rights of the creditors are not compromised, and the objections to proofs of claim must be sustained and the claims deemed untimely filed.

My Order will follow.

By the Court,

Date: April 11, 2017

John J. Thomas, Bankruptcy Judge
(CMS)

---

[1] Contrast the provisions of a Chapter 13 discharge in § 1328(a) with those provided in Chapter 7 (§ 727(b)), which allows for the possibility that an unscheduled creditor may be discharged. *Judd v. Wolfe*, 78 F.3d 110 (3d Cir. 1996).